

**U.S. Department of Justice**

Consumer Protection Branch

**Jocelyn Hines**
Phone: (202) 598-2647
Fax: (202) 514-8742
jocelyn.c.hines@usdoj.gov

**Overnight Delivery Address:**
450 5th Street, NW, Room 6400-South
Washington, DC 20001

**Mailing Address:**
P.O. Box 386
Washington, DC 20044-0386

January 19, 2018

<u>BY EMAIL</u>

The Honorable Michael A. Shipp
United States District Judge
District of New Jersey
402 East State Street, Room 2020
Courtroom 5W
Trenton, NJ 08608

Re:   <u>United States v. S Hackett Marketing LLC, et. al</u>; 17-cv-04911

Dear Judge Shipp:

On January 11, 2018, Plaintiff United States of America filed a Notice of Motion, Memorandum of Law in Support of Plaintiff's Motion for Default Judgment, and proposed Order of Permanent Injunction in *United States v. S Hackett Marketing LLC, et al*. Along with these filings, we included a Certificate of Service, stating that the filings would be mailed overnight to all the defendants in accordance with Fed. R. Civ. P. 5(b)(2)(C). We have confirmed with the mail carriers that Defendants Shawn Hackett and S Hackett Marketing LLC received the filings. However, the filings sent to Defendant Roger Thomas and R Thomas Marketing LLC at 8A West First Street, Mount Vernon, NY 10550 were returned as undeliverable. The mail carrier informed us that Defendants Roger Thomas and R Thomas Marketing LLC were no longer located at that address. We are currently unaware of any other mailing address for Defendants Roger Thomas and R Thomas Marketing LLC.

The November 6, 2017 letter, referenced in footnote 1 of Plaintiff's Memorandum of Law, informed us that we could contact Defendant Roger Thomas at the email address goodhair400@gmail.com. Since we do not have another mailing address for Defendant Roger Thomas, we sent copies of the filings to Defendant Roger Thomas at the email address he provided, goodhair400@gmail.com. We have not had a response from Defendant Roger Thomas.

We attempted to serve Defendants Roger Thomas and R Thomas Marketing LLC with these filings in order to provide them with a final opportunity to respond to the allegations against them. However, we believe that these attempts at service go beyond our obligations as set forth in Fed. R. Civ. P. 5. All of the defendants were properly served with the summons and complaint, but none of the defendants appeared in this action to respond or otherwise defend. Given the defendants' failure to appear, Fed. R. Civ. P. 5(a)(2) states that we are not required to

serve the defendants with the aforementioned filings and thus, the Court may enter default judgment against all of the defendants.

Sincerely,

*Jocelyn Hines*

Jocelyn C. Hines
U.S. Department of Justice
Consumer Protection Branch

CC: Susan Pappy, District of New Jersey, U.S. Attorney's Office